841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. Butler, Plaintiff-Appellant,
v.
General Motors Corporation, Buick Motor Division, Defendant-Appellee.
 No. 87-3271.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before BOYCE F. MARTIN JR., and ALAN E. NORRIS, Circuit Judges, and JOINER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Robert Butler appeals a district court order granting summary judgment in favor of General Motors Corporation, Buick Motor Division.
 
 
 2
 On April 14, 1983, Butler brought a diversity suit alleging that Buick had wrongfully appropriated his advertising concept. After the close of discovery, Buick renewed a previously denied motion for summary judgment on the ground that Butler failed to establish the existence of an essential element of his case. The district court granted the motion and dismissed the case.
 
 
 3
 Butler's advertising concept was to apply the theory of diminishing returns to fuel efficiency in order to portray larger American cars as almost as economical as high-mileage imports. In 1979, Butler contacted Buick in the hope of selling his concept. A meeting was arranged, and, on September 5, 1979, Butler presented his ideas to William Hightower, Buick's Manager of Sales Promotion. After subsequent negotiation over Butler's selling price, Butler received a November 26, 1979 letter from Forrest Waldy, Hightower's successor as Manager of Sales Promotion, advising Butler that Buick was no longer interested in his concept.
 
 
 4
 In April, 1980, General Motors introduced its "Switch 'N Save" advertising campaign. Like Butler's concept, the Switch 'N Save campaign employed the theory of diminishing returns to present the new General Motors cars as the economic near-equals of fuel-efficient imports. Buick claims that the Switch 'N Save campaign was developed by Marcom, Inc., a Southfield, Michigan marketing firm. The developers of the Switch 'N Save campaign stated that they had no knowledge of Butler or his materials but instead developed the campaign from the advertisements of two Florida Buick dealerships and a March 1980 "GM Today" magazine article by Kenneth Hanson.
 
 
 5
 The parties agree that Butler cannot prevail without establishing that General Motors used his concept in his Switch 'N Save campaign. On September 20, 1984, Buick moved for summary judgment on the ground that General Motors did not use Butler's concept. Buick submitted affidavits of Hightower, who stated that he had no involvement with the development of the Switch 'N Save campaign, of Marcom employees, who stated that they developed the Switch 'N Save campaign without knowledge of Butler on his communications with Buick, and of Hanson, who stated that he wrote the March 1980 "GM Today" article without knowledge of Butler or his communications with Buick. On March 7, 1985, the district court nevertheless denied Buick's motion, finding that it was still possible that the Florida advertisements were based on Butler's concept.
 
 
 6
 On November 3, 1986, Buick renewed its motion for summary judgment. At this time, Buick deposed James Carr, who was responsible for the Florida advertisements. Carr testified that he developed the ads without knowledge of Butler or his communications with Buick. The district court held that Buick's motion should be granted in light of Carr's deposition and the recent Supreme Court decision in Celotex Corp. v. Catrett, 477 U.S. 317, (1986). Celotex held that summary judgment is mandatory after an adequate discovery period if the non-movant has failed to make a sufficient showing of an essential element to which she will bear the burden of proof at trial. 477 U.S. at ----, 106 S.Ct. at 2553, 91 L.Ed.2d at 273.
 
 
 7
 Butler complains that the rendering of the Celotex decision was not sufficient to cause the district court to reverse its previously entered order denying summary judgment. Butler argues that Celotex creates no new law but instead continues the rule of Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Butler concludes that, because the law did not change, the district court had no basis for reversing its original order.
 
 
 8
 Butler's argument, however, ignores the addition of the Carr deposition. The district court's March 7, 1985 denial of summary judgment was based on the possibility that Carr's Florida advertisement was based on Butler's work. By the time of Buick's renewed motion for summary judgment, however, Buick had submitted evidence demonstrating that Carr had developed his ad independently. This additional evidence, in light of the clear mandate of the Celotex--Adickes line of cases, rendered the entry of summary judgment in favor of Buick appropriate. Butler had only shown that he presented his concept to Hightower. This presentation, by itself, does not establish that Butler's work served as the basis of the Switch 'N Save campaign. The evidence before the district court uniformly indicated that all those involved in the Switch 'N Save campaign denied any knowledge of Butler or his work. Consequently, Buick was entitled to summary judgment because Butler "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. ----, 106 S.Ct. 2553, 91 L.Ed.2d at 273.
 
 
 9
 The judgment of the district court is affirmed.